UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x



UNITED STATES,

       Plaintiff,

-v-                                         No. 04 Cr. 289 (LTS)

HERNAN DIAZ-BETANCUR,

       Defendant.

------------------------------------------------------x

## ORDER

        On July 18, 2007, Defendant Hernan Diaz-Betancur (Reg. No. 64158-004) was sentenced to 63 months of imprisonment, a sentence within the advisory guidelines range. On or about April 28, 2008, Defendant requested that the Court reduce his sentence. The Court then warned him that his request could be construed as a motion to correct his sentence pursuant to 28 U.S.C. § 2255.

        In a letter dated June 10, 2008, Defendant has clarified that he does not intend to file a § 2255 motion. Defendant nonetheless requests a three-month reduction of his sentence, on the basis of the strong likelihood that Defendant will be deported when he has served his term, and based on his representation that, after a criminal sentence has been served, it generally takes three additional months, during which an immigrant is detained, for the relevant immigration agencies to execute a final order of deportation. In the absence of a sentence reduction, Defendant requests that he be transferred to a prison facility which accommodates the Institutional Hearing Program ("IHP"), a program that allows for more efficient processing of potential deportees. At IHP facilities, potential deportees serving a criminal sentence are deported more expeditiously upon the completion of their sentence.

        The Court is compelled to deny Defendant's principal request for a three-month reduction in his sentence. Absent a § 2255 motion, the Court does not have the authority to modify Defendant's sentence, because neither the Bureau of Prisons nor the Government has made any such motion, see 18 U.S.C. § 3582(c)(1); Fed. R. Crim. Proc. 35(b), nor is there any technical or clear error in Defendant's sentence that would warrant modification pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure.

        With respect to Defendant's alternate request to be transferred to an IHP facility, the Court does not have the authority to designate the facility in which a criminal defendant is held. See 18 U.S.C. § 3621(b). Nonetheless, the Court may recommend that the Bureau of Prisons designate a criminal defendant to a particular prison facility. Based on communications with various Bureau of Prisons staff, the Court has confirmed that Defendant's present facility, the Rivers Correctional

Institute in North Carolina, is not a designated IHP facility. The Court has further learned that as a matter of policy, the Bureau of Prisons designates potential deportees to IHP facilities, but when such IHP facilities are full, potential deportees must remain in a non-IHP facility.

Based on this policy, it appears that Defendant resides in a non-IHP facility because all available IHP facilities are full. The Court nonetheless **respectfully recommends to the Bureau of Prisons, by copy of this order, that Defendant be designated to an IHP facility as soon as practicable after space in an IHP facility becomes available,** in order to expedite his deportation upon the completion of his criminal sentence.

The docket reflects that a § 2255 motion was filed on April 28, 2008. In light of Defendant's June 10, 2008, letter, the Court respectfully requests the Clerk of Court to mark the § 2255 motion, which is reflected in Docket No. 04 Cr. 289 and in the affiliated Docket No. 08 Civ. 3956, as withdrawn without prejudice.

SO ORDERED.

Dated:   New York, New York
         June 30, 2008

_____
LAURA TAYLOR SWAIN
United States District Judge